Argued March 25; affirmed April 21; rehearing denied May 26, 1931

# SWENGEL *v.* BRUUN ET AL.
### (298 P. 242, 299 P. 332)

*Guy L. Wallace,* of Portland (Roscoe P. Hurst, of Portland, on the brief), for appellant Swengel.

*Cecil H. Greene,* of Portland (Beach, Simon & Greene, of Portland, on the brief), for appellant Multnomah Realty Brokers, Inc.

*R. K. Powell,* of Portland (Chamberlain, Thomas, Kraemer & Powell, of Portland, on the brief), for respondent Bruun.

RAND, J. The defendant, C. D. Bruun, employed the defendant, Multnomah Realty Brokers, Inc., hereinafter referred to as the broker, as sales agent to obtain purchasers for lots owned by him in Parkhill Addition to the city of Portland under a contract which provided that the broker should collect from such purchasers and retain as commission 30 per cent of the sales price of each lot sold, after which Brunn should enter into a written contract to convey the lot upon payment to him by the purchaser of the balance of the purchase price. Daly, an employee of the broker, sold one of said lots to plaintiff and collected from her and paid over to his employer, the broker, said 30 per cent and Bruun thereupon entered into a written contract with plaintiff, undertaking to convey the lot upon her payment to him of the balance of the purchase price. No payments have since been made.

██ Plaintiff brought this suit to obtain rescission and restitution upon the ground that she had been induced to enter into the contract and make said payments by the false and fraudulent representations of Daly. The trial resulted in a decree rescinding the contract and requiring the broker, but not Bruun, to repay the moneys to plaintiff. Daly was not served and no decree was given against him. Both plaintiff and the

broker have appealed from the decree. Plaintiff contends that she was entitled to a decree for a return of the money not only against the broker but also against Bruun, while the broker contends that, since this was a suit for rescission, the suit does not lie against any one but Bruun and hence that it was error for the court to refuse its motion for a dismissal or to enter any decree against it although it was not disputed upon the trial that it had received and still retains the money paid. This point will first be considered.

In *Sharkey v. The Burlingame Co.*, 131 Or. 185 (282 P. 546), this court, among other things, said:

"This being a suit in equity for rescission, the vendor with whom the contracts were made, and being the real party in interest, is obviously the only person against whom the suit could be brought."

In the instant case, Bruun is not the only real party in interest. The relief prayed for is not for a rescission of the contract alone but also for the restitution of the money. If the relief prayed for had been rescission only, then the broker would not have been a proper party to the suit because no relief would have been prayed against it. But the relief prayed for here is for a restitution of the money and this money is in the hands of the broker which claims it as its own. The broker, therefore, is a proper party to the suit whether Bruun is responsible for the money or not.

The rule applicable to the facts in the instant case is that stated in 3 Black on Rescission and Cancellation (2d Ed.), § 657, as follows:

"In order to obtain a decree in equity for the rescission of a contract or the cancellation of a written instrument, it is necessary to bring before the court, as parties to the action, all those having interests in the

subject-matter, or whose rights or claims must be adjudicated and concluded in order to do complete equity in the premises."

Manifestly, under this rule, a broker, in possession of money fraudulently obtained by the acts of its own employee, is a necessary and proper party in a suit by the defrauded party for restitution and, therefore, when a fraudulent act of its employee had been established in this case and when it had been shown that the money thus fraudulently obtained was in its possession, a decree requiring it to make restitution was properly entered.

■ The contention of plaintiff that she was entitled to a decree requiring Bruun to repay the money paid by plaintiff to and retained by the broker, none of which was paid to or received by Bruun, cannot, we think, be maintained for the reasons now to be stated. It appears from the allegations of the complaint and from the proof offered by plaintiff that her husband was the owner of or at least had an equity under a contract for its purchase of another lot which had been listed for sale with the broker. Brunn had no interest in that lot or knowledge of the relations between the broker and plaintiff's husband. The only allegation of fraud which found any support in the evidence was that while said lot was so listed and the broker was trying to obtain a purchaser thereof, plaintiff informed Daly that she would not buy the Bruun lot unless her husband could dispose of his lot and that Daly falsely and fraudulently represented to her that he had found a purchaser therefor and that the lot had been sold, and that, in reliance upon said representations, plaintiff was induced to enter into the contract in question. In other words, the evidence establishes that Daly's employer, the broker, was acting in a double capacity, in

respect to the sale of the Bruun lots as agent for Bruun and in respect to the lot of plaintiff's husband as agent for him. The representation, therefore, that the husband's lot had been sold when, in fact, it had not been, was a representation in respect to an agency between the broker and plaintiff's husband for which Bruun was not answerable. Bruun not having received the benefits of the fraud never ratified it. Hence, he is not responsible to plaintiff for moneys paid because of the fraud which went to the broker and are still retained by it. If, as in the Sharkey case, supra, Bruun had received the benefit of the fraud, the case might be different but not having received the benefit and the fraud not having been committed within the scope of any authority conferred by Bruun, or in the course of the employment by Bruun of the agent, Bruun is not liable. As said in Kerr on Fraud and Mistake (5th Ed.), p. 97:

"The fraud of the agent must be committed not only within the scope of his authority, but in the course of his employment. The act complained of may be within the scope of his authority; but the principal is not liable if it is not committed in the course of business. It is not, however, necessary to show that the particular act was authorized if the act was done within the scope of the employment authorized by the principal."

Again, as said in 2 Mechem on Agency (2d Ed.), section 2140:

"Where two or more principals employ the same agent, whether as a means of dealing with one another or to protect their common interests, one cannot charge the other not actually at fault with the misconduct of the common agent. The latter owes no more duty to one than to the other; each of the principals is under an equal duty to supervise the agent and to protect

his own interest, and there is no reason why the misconduct of the agent should be imputed to one principal rather than to the other.''

We are not unmindful that the contract entered into with plaintiff contains an acknowledgment of the receipt by Bruun of the money paid but there is nothing contained in the contract which indicates that plaintiff had been induced to part with the money previously paid because of said admission. It was a matter of indifference to her, when entering into the contract, so long as it did not jeopardize her acquiring the lot, to whom the title to the money previously paid had passed. The whole evidence shows that Bruun received no part of the money and, hence, the force of the admission is overcome by the showing that the broker, and not Bruun, received and retained the money.

Finding no error, the decree appealed from must be affirmed.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.

---

Petition for rehearing denied May 26, 1931

ON PETITION FOR REHEARING
(299 P. 332)

RAND, J. Upon petition for rehearing, plaintiff contends that this court erred in its former opinion in not requiring the defendant Bruun, as well as the Multnomah Realty Brokers, Inc., to make restitution of the moneys paid out by plaintiff under her contract. She says that the rule followed in *Sharkey v. The Burlingame Co.*, 131 Or. 185 (282 P. 546), should have been applied and that under the doctrine of that case she was entitled to a decree against both defendants for the restitution of the money. That would be true if

the facts in the two cases were the same. In the Sharkey case, however, the testimony showed, and the opinion so recites, that the agent Clarke to whom the money had been paid had contracted with his principal, The Burlingame Company, to execute a surety bond and had actually executed such bond conditioned that if Clarke, or any one acting for him, should make any misrepresentation to any purchaser, then the vendor company should cancel its contract with such purchaser and repay him all sums that had been paid thereunder to Clarke and that Clarke would thereupon pay over to the vendor all sums so paid. Under those circumstances, The Burlingame Company, if not actually in possession of the money, as the evidence seemed to show, had such a property right in it that it was entitled under the bond to have it paid over upon demand and, in that case, the fraud complained of had been perpetrated in the course of his employment by one of the agents of that company and while such agent was acting in the interest of his principal.

■ No such circumstances were shown to exist in the instant case. None of the moneys in controversy here were paid to or received by Bruun and, as to such moneys, he had no property right in them or power to compel their payment to him. The fraud complained of in the instant case was not committed in the course of his employment by an agent acting for Bruun but by a person who was acting as agent for plaintiff's husband. Bruun never authorized the perpetration of the fraud nor did he have any knowledge of its commission and, since he never subsequently ratified the fraud by accepting the benefits of it, he can not now be held to answer for the restitution of money which he has never received.

The distinction between this and the Sharkey case, because of the difference of the facts in the two cases, is so obvious that any further elucidation of them would seem to be unnecessary.

■ Plaintiff contends that because the contract executed by Bruun and delivered to plaintiff acknowledged the receipt, as part payment of the purchase price, of the moneys paid by plaintiff, it is evidence of the fact that Bruun received the money and, therefore, should be held to be answerable to plaintiff therefor. The contract does not recite to whom the money was paid or that Bruun himself had ever received any part of it. The contract was in the usual form of a contract for the sale of property which acknowledges a part payment of the purchase price, and at the time it was executed both Bruun and plaintiff knew that the money had not been paid to Bruun but had been paid to the Multnomah Realty Brokers, Inc. Except for this one circumstance, all the evidence in the case, including that offered by plaintiff, shows that the money was paid to the agent and not to Bruun. Under such circumstances, we must look to the substance and not to the form of the transaction. There is no contention that Bruun received the money and the whole evidence shows the contrary to be true.

The other points urged by plaintiff and those likewise urged by the Multnomah Realty Brokers, Inc., in its petition for rehearing were all considered in the former opinion and we think properly decided.

Both petitions are, therefore, denied.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.